[L. A. No. 29694. In Bank. Jan. 29, 1970.]

JAMES TIMOTHY THOMAS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James Timothy Thomas, in pro. per., Norman D. Causey, under appointment by the Supreme Court, and Thomas Hunter Russell for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jeffrey S. Wohlner, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**BURKE, J.**—James Timothy Thomas, an inmate at the California Men's Colony at San Luis Obispo, seeks mandamus to compel the Los Angeles County Superior Court to hear on its merits his in pro. per. "Petition . . . to Recall Commitment to Prison and [Grant] . . . Probation Pursuant to [a provision in] Penal Code section 1168."[1] We have concluded that the alternative writ should be discharged and the peremptory writ denied.

---

[1]The provision, which was added to Penal Code section 1168 (the indeterminate sentence law) in 1963, as amended in 1967, read: "When a defendant has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, if it is deemed warranted by the diagnostic study and recommendations approved pursuant to Section 5079, the court *may recall* the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced." (Italics added.)

The quoted provision was amended in 1969 by the addition of the phrase ", within 120 days of the date of commitment on its own motion, or thereafter upon the recommendation of the Director of Corrections," between the words "may" and recall." (Stats. 1969, ch. 990.) The 1969 amendment became effective *after* respondent denied Thomas' petition.

Penal Code section 5079 requires that the Director of Corrections maintain "a psychiatric and diagnostic clinic . . . at one or more of the state prisons . . ." and provides that "The work of the clinic shall include a scientific study of each prisoner, his career and life history, the cause of his criminal acts and recommendations for his care, training and employment with a view to his reformation and to the protection of society. The recommendation shall be submitted to the Director of Corrections and shall not be effective until approved by him. The Director of Corrections may modify or reject the recommendations as he sees fit."

In 1966 an information was filed charging Thomas with two counts of sale of heroin (Health & Saf. Code, § 11501) and alleging several prior felony convictions. He pleaded not guilty to the charges and denied the allegations of the prior convictions. Thereafter he withdrew his not guilty plea and pleaded guilty to one count. The allegations of the prior convictions were struck on motion of the People, and the second count was dismissed. Thomas was committed to the California Rehabilitation Center under the narcotics rehabilitation program (Welf. & Inst. Code, § 3051) but was excluded from that program. In April 1967 probation was denied, and he was sentenced to prison for the term prescribed by law.

In May 1969 Thomas filed with respondent the petition seeking relief under section 1168. The petition alleged "on information and belief" that "the current diagnostic study . . . recommends his release under qualified parole or probation supervision" and that "because of the Nature of things and his status as an inmate of the . . . Department of Corrections, [he] is unable to obtain a copy of this current diagnostic study . . . and recommendation." He requested "the Court to investigate the matters presented in this Petition . . ., to call for the Department of Corrections to present a current diagnostic study . . . and recommendation, and to recall the commitment . . . and re-sentence Defendant to probation. . . ." Respondent summarily denied the petition on May 28, 1969. An attempt to file a notice of appeal from the denial was rejected by the clerk of respondent court.

■ Under the provision relied upon in Penal Code section 1168 the court is authorized to recall a prison sentence and commitment and to resentence the defendant if such action is deemed warranted by the diagnostic study and recommendations approved by the Director of Corrections. The provision was not intended to authorize the granting of probation as an alternative to release on parole but rather to empower the court to take such action where it appears from the specified matters that the prison sentence should never have been imposed. (*Holder* v. *Superior Court, ante,* p. 779 [83 Cal.Rptr. 353, 463 P.2d 705].) ■ The Legislature did not intend that a proceeding under the provision be initiated by a prisoner but rather by the court or the Director of Corrections. (*Alanis* v. *Superior Court, ante,* p. 784 [83 Cal.Rptr. 355, 463 P.2d 707].)

The alternative writ of mandamus is discharged, and the petition for a peremptory writ is denied.

Traynor, C.J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.