[L. A. No. 29687. In Bank. Jan. 29, 1970.]

EARL RAY HOLDER, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Thomas Hunter Russell and Norman D. Causey for Petitioner.

No appearance for Respondent.

James Don Keller, District Attorney, Richard H. Bein, Robert E. Rounds and Terry Knoepp, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**BURKE, J.**—Earl Ray Holder, an inmate at the California Institution for Men at Chino, seeks mandamus to compel the San Diego County Superior Court "to take jurisdiction of [his] petition for probation pursuant to [a provision in Pen. Code, § 1168] and to decide the case on its merits."[1] We have

---

[1]The provision, which was added to Penal Code section 1168 (the indeterminate sentence law) in 1963, as amended in 1967, read: "When a defendant has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, if it is deemed warranted by the diagnostic study and recommendations approved pursuant to Section 5079, the court *may recall* the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced." (Italics added.)

The quoted provision was amended in 1969 by the addition of the phrase ", within 120 days of the date of commitment on its own motion, or thereafter upon the

concluded that section 1168 does not authorize the granting of probation as an alternative to release on parole but rather empowers the court to recall a prison sentence and commitment and to resentence the defendant where it appears from the diagnostic study and approved recommendations that the prison sentence should never have been imposed. ▆ In view of that conclusion it is clear that respondent has already decided the case on its merits and that therefore the alternative writ should be discharged and the peremptory writ denied.

In 1961 Holder pleaded guilty to burglary (Pen. Code, § 459) and was sentenced to prison. He subsequently was paroled by the Adult Authority, but his parole was revoked. Thereafter on several occasions the Adult Authority refused parole following a review of his case.

In 1968 he filed the petition for probation. Respondent initially declined to take jurisdiction on the ground that the provision relied upon in section 1168 should not be retroactively applied to the present case, in which the conviction preceded the enactment of the provision. Holder then sought mandamus, and it was held that the provision applied to him and respondent was ordered to hear the petition on its merits. (*Holder* v. *Superior Court,* 269 Cal.App.2d 314 [74 Cal.Rptr. 853].)

Thereafter, in April 1969, the case was orally argued before respondent, and later that month respondent, by a letter, declined to grant probation. It appears from the letter that respondent interpreted section 1168 as securing to it power to review and control retrospectively its own actions in sentencing a defendant to prison, and it appears implicit in the letter that respondent did not believe that the matters presented to it showed that its actions in the instant case were improper.[2] It further appears from the letter that respondent though it questionable whether section 1168 empowers it to review and control "the discretionary actions of the Director of Corrections"; that respondent believed, if such power exists at all, it "should be exercised to correct an abuse of discretion by the Department of Corrections rather

recommendation of the Director of Corrections," between the words "may" and "recall." (Stats. 1969, ch. 990.) The 1969 amendment became effective after respondent declined to grant Holder's petition.

Penal Code section 5079 requires that the Director of Corrections maintain "a psychiatric and diagnostic clinic . . . at one or more of the state prisons . . ." and provides that "The work of the clinic shall include a scientific study of each prisoner, his career and life history, the cause of his criminal acts and recommendations for his care, training and employment with a view to his reformation and to the protection of society. The recommendations shall be submitted to the Director of Corrections and shall not be effective until approved by him. . . ."

[2]For example, the letter stated, "The fact, if it be a fact, that Mr. Holder is *now* rehabilitated and fit for release does not reflect on the sentencing court's judgment in the first instance nor does it provide that court with new material concerning the offender's circumstances and situation as they *then* existed."

than to control such discretion"; and that in respondent's opinion no such abuse of discretion was shown here.

Holder asserts that the letter shows that respondent declined to take jurisdiction and consider his case on its merits. He urges that section 1168 empowers the court to grant probation upon an adequate showing of rehabilitation of a defendant following his incarceration and that nothing in the section indicates the court's power is limited to the situations mentioned by respondent. The People (the real party in interest) asserts that respondent "complied with the requirements of . . . Section 1168 and properly denied [the] application for probation."

■ The provision in question in section 1168 authorizes the court to recall a prison sentence and commitment and resentence the defendant if such action is deemed warranted by the diagnostic study and recommendations approved by the Director of Corrections. Although the language of the provision is broad, we are satisfied that the Legislature intended thereby to empower the court to take such action only where it appears from the specified matters that the prison sentence should never have been imposed.[3] The Legislature has placed in the Adult Authority power to determine the duration of imprisonment within statutory limits and the matter of parole (see, e.g., Pen. Code, §§ 3020, 3040, 3041, 5077), and it is clear that the Legislature, in enacting the provision in section 1168, did not intend thereby to control or limit the Adult Authority's power or to provide an alternative to the Adult Authority's functions. If, as Holder urges, the court were empowered by section 1168 to recall the sentence and grant probation if the court found that the defendant had become rehabilitated after his incarceration, there manifestly would be two bodies (one judicial and one administrative) determining the matter of rehabilitation, and it is unreasonable to believe that the Legislature intended such a result.

■ There is no merit to a contention by Holder that it would have been unnecessary for the Legislature to have enacted the provision if it is given

---

[3]In our opinion the procedure authorized by section 1168 constitutes merely an alternative to the procedure authorized by Penal Code section 1203.03 under which the court, before rendering judgment, may order that the defendant be placed in the diagnostic facility of the Department of Corrections for a period not to exceed 90 days and order the director of that department to report to the court his diagnosis and recommendations concerning the defendant within that period. Whichever procedure is employed, essentially the same report is prepared (see Proceedings of the First Sentencing Institute for Superior Court Judges (1965) 45 Cal.Rptr.App. 88, 91; Cal. Criminal Law Practice (Cont.Ed.Bar 1969) p. 205). Various factors may lead the court to employ the procedure authorized by section 1168 rather than section 1203.03, such as saving the cost of the defendant's return trip to court for sentencing where the court thinks a prison sentence is appropriate. (See Cal. Criminal Practice (Cont. Ed.Bar 1969), *supra,* pp. 207-208; Proceedings of the First Sentencing Institute for Superior Court Judges (1965) *supra,* 45 Cal.Rptr.App. 64.)

the construction we have placed upon it. The general rule is that the court loses jurisdiction to reconsider its denial of probation when the court has relinquished control of the defendant and the execution of his sentence has begun. (*In re Black,* 66 Cal.2d 881, 888 et seq. [59 Cal.Rptr. 429, 428 P.2d 293]; see *Oster* v. *Municipal Court,* 45 Cal.2d 134, 140; California Law Practice (Cont.Ed.Bar 1969) *supra,* p. 208.) The provision in question creates an exception to that rule.

In view of the scope of the court's power under a proper interpretation of that provision it is apparent that respondent has already decided Holder's case on its merits and determined that the relief sought should be denied. We thus need not consider here whether the Legislature intended that a proceeding under the provision may be initiated not only by the sentencing court and the Director of Corrections but also by a prisoner, a matter considered in *Alanis* v. *Superior Court, post,* p. 784 [83 Cal.Rptr. 355, 463 P.2d 707], and *Thomas* v. *Superior Court, post,* p. 788 [83 Cal.Rptr. 357, 463 P.2d 709].

The alternative writ of mandamus is discharged, and the petition for a peremptory writ is denied.

Traynor, C.J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.