[Crim. No. 4429. Fourth Dist., Div. One. Apr. 21, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
KEVIN L. HEINOLD, Defendant and Respondent.

## Counsel

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Plaintiff and Appellant.

Bradley, Behrens, Fike & Laird and Linus Fike for Defendant and Respondent.

## OPINION

**COUGHLIN, J.**—The People appeal from an order vacating a judgment sentencing defendant to the state prison and placing him on probation.

On August 22, 1969, defendant entered a plea of guilty to the offense of selling marijuana; waived probation; asked that judgment be pronounced forthwith; and was sentenced to imprisonment in the state prison. At this time defendant was serving a sentence in a federal prison for a federal offense. The minutes of the court at the time of pronouncement of judgment contained the following:

". . . It is the Judgment of the Court that the Defendant be sentenced to the State Prison for the term prescribed by law pursuant to Section 1202B Penal Code. Sentence ordered to run concurrently with any Federal sentence under provisions of Section 2900 Penal Code. . . . Defendant remanded to the custody of the Federal authorities for confinement in a Federal prison."

On the same date, i.e., August 22, 1969, an abstract of judgment was issued as provided by Penal Code section 1213.5 which contained the following:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in the State Prison of the State of California for the term provided by law, and that he be remanded to the Sheriff of the County of Orange and by him delivered to the Director of Corrections of the State of California at the place hereinafter designated.

"It is ordered that sentences shall be served . . . in respect to any prior incompleted sentence(s) as follows: Concurrent under Sec. 2900 PC.

"To the Sheriff of the County of Orange and to the Director of Corrections:

"Pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above-named defendant into the custody of the Director of Corrections . . . at your earliest convenience."

The abstract of judgment was certified by the clerk of the court and also by the judge who presided over the case. The sheriff acknowledged receipt thereof on August 25, 1969.

On August 25, 1970, defendant, by a petition in writing, moved the trial court to vacate the sentence imposed on August 22, 1969, and to impose a new and different sentence. The reason for this petition was the fact the federal authorities indicated their intention to parole him provided a de-

tainer filed by the State of California was recalled. In response to the petition, the trial court, on its own motion, vacated the judgment theretofore entered and placed defendant on probation. The detainer defendant sought to have recalled had been issued by the Department of Corrections on July 1, 1970; requested the federal authorities to transfer him to the Reception-Guidance Center of the California Institution for Men at Chino, California, upon his release from the federal prison and stated:

". . . Kevin Leroy Heinold was received by this department on August 29, 1969 for the offense of Sale of Marijuana with an indeterminate sentence of from 5-Life, the term of which has not been fixed by the Adult Authority. A copy of our judgment was previously placed as a detainer in this case.

"The Federal Bureau of Prisons has been designated by the Director of Corrections of this State for such concurrent service of sentence and the RGC, California Institution for Men, Chino has been designated as the place of reception in the event the actual confinement under the Federal sentence expires before the period of confinement required under the California sentence, pursuant to California Penal Code Section 2900."

The issue is whether the trial court had jurisdiction to vacate the judgment imposing a prison sentence and grant defendant probation.

 Defendant contends the court was authorized to vacate the judgment at any time before the sentence imposed thereby had commenced; his sentence did not commence until he was delivered to the Director of Corrections at the place designated by the latter for the reception of persons convicted of felonies, as provided by Penal Code section 2900; his return to the federal prison did not equate delivery to the Director of Corrections; and, under the authority of *In re Sichofsky,* 201 Cal. 360, 367 [257 P. 439, 53 A.L.R. 615], the order vacating the judgment was proper.

Pertinent parts of Penal Code section 2900 provide: "The term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant into the custody of the Director of Corrections at the place designated by the Director of Corrections as a place for the reception of persons convicted of felonies. . . ."

In 1963, by amendment, the following was added: "In any case in which, pursuant to the agreement on detainers or other provision of law, a prisoner of another jurisdiction is, before completion of actual confinement in a penal or correctional institution of a jurisdiction other than the State of California, sentenced by a California court to a term of imprisonment for a violation of California law, and the judge of the California court orders that the California sentence shall run concurrently with the sentence which

such person is already serving, the Director of Corrections shall designate the institution of the other jurisdiction as the place for reception of such person within the meaning of the preceding provisions of this section. He may also designate the place in California for reception of such person in the event that actual confinement under the prior sentence ends before the period of actual confinement required under the California sentence."

The decision in the case of *In re Sichofsky, supra,* 201 Cal. 360, cited by defendant, antedates the 1963 amendment of section 2900.

■ Where a court pronounces judgment imposing a sentence of imprisonment it may vacate the sentence thereafter, and grant probation, as long as it "retains in itself the actual or constructive custody of the defendant and the execution of his sentence has not begun." (*In re Black,* 66 Cal.2d 881, 888 [59 Cal.Rptr. 429, 428 P.2d 293].) In the event execution of the sentence has begun the court loses jurisdiction to change the judgment. (*Ibid.*)

■ The record in the case at bench dictates the conclusion execution of defendant's sentence had begun. The abstract of judgment prescribed by Penal Code section 1213.5, which constitutes a commitment (*In re Black, supra,* 66 Cal.2d 881, 890), had issued and had been received by the sheriff. Upon receipt of the abstract by the sheriff, execution of the judgment was in progress. (*In re Black, supra,* 66 Cal.2d 881, 890.) The abstract directed the sheriff to deliver defendant to the Director of Corrections at the place designated by the latter, but did not identify this place. The order of the court made at the time of imposition of sentence, as recorded in the minutes, directed the defendant be "remanded to the custody of the Federal authorities for confinement in a Federal prison." In response to this order defendant was returned to the federal prison where he had been serving his federal sentence. Thus, by virtue of its order and the action taken in execution thereof, the trial court did not retain actual or constructive custody over him. Furthermore, defendant's state sentence actually commenced upon his return to the federal prison. The court not only ordered the sentence imposed upon him should run concurrently with his federal sentence but also ordered it should run "under provisions of Section 2900 Penal Code," which required the Director of Corrections to designate the prison in which defendant was serving his federal sentence as the place for reception where, upon actual delivery, his state sentence would commence. The record dictates the conclusion the Director of Corrections had accepted defendant as a prisoner; had designated a federal prison as the place for his reception pursuant to the provisions of Penal Code section 2900; and had requested defendant be delivered to the Reception-Guidance Center of the Department of Corrections at Chino, California on his release from the federal prison. In any event, any claimed failure of the Director of Corrections to make the designation required by section 2900 would not have forestalled

commencement of defendant's state sentence upon his return to the federal prison. The application of the law to the facts of the case is clarified by an assumption defendant had served his federal sentence; then had been delivered to the Reception-Guidance Center at Chino; and the People then contended his term of imprisonment had not commenced until that time. Such a contention would be untenable. ■ The purpose of Penal Code section 2900 is to give effect to the provisions of a judgment directing a sentence imposed by a court of this state shall run concurrently with a sentence theretofore imposed by a court of another jurisdiction, which the defendant then is serving, by providing the sentence imposed in this state shall commence to run when the defendant is returned to the place of imprisonment by the other jurisdiction. (Gen. see *In re Stoliker,* 49 Cal.2d 75, 77-78 [315 P.2d 12]; *In re Altstatt,* 227 Cal.App.2d 305, 306 [38 Cal.Rptr. 616].)

■ Defendant contends a concurrent sentence imposed by a court of this state on a federal prisoner does not commence to run until he actually is delivered to the Director of Corrections at a place in this state upon his release from the federal prison, but he is given credit on the state sentence for the time served in the federal prison, citing *People* v. *Statton,* 222 Cal. App.2d 303 [35 Cal.Rptr. 99], in support of this contention. Reliance upon the cited case is misplaced because it involved proceedings antedating the 1963 amendment to Penal Code section 2900. Recognizing this fact, defendant claims section 2900, as it now exists, must be interpreted to conform to his contention, otherwise a prisoner serving a concurrent sentence in this state is given benefits denied a prisoner serving a concurrent sentence while imprisoned in another jurisdiction; there is no constitutional basis for this discrimination; and the latter prisoner is denied equal protection of the law. Suffice to say the distinction between the two types of prisoners provides constitutionally approved reasons for the classification.

■ Defendant further contends the trial court had authority to "revive" its jurisdiction; did so; and acted pursuant to this revived jurisdiction. In support of this position he refers to the authority of the court under Penal Code section 1168 to recall a sentence and commitment, after a defendant has been sentenced to a state prison and committed to the custody of the Director of Corrections, and to resentence him. This argument disregards the fact the statute expressly confers jurisdiction upon the court to resentence an imprisoned defendant providing prescribed conditions precedent to the exercise of this jurisdiction exist. In substance, the statute creates an exception to the general rule a court loses jurisdiction to resentence a defendant when it has relinquished control of him and the execution of his sentence has begun (*Holder* v. *Superior Court,* 1 Cal.3d 779, 783

[83 Cal.Rptr. 353, 463 P.2d 705]), but the exception applies only when the statutorily prescribed conditions precedent exist. The court does not "revive" its jurisdiction. ■ Defendant again argues if his sentence commenced to run when he was returned to the federal prison he was denied equal protection of the law because his imprisonment in the federal prison for a period longer than 120 days foreclosed occurrence of the condition precedent to an exercise of the authority conferred upon the court by Penal Code section 1168. We need not decide whether section 1168 applies to a defendant concurrently serving a state sentence with a federal sentence in a federal prison. There are substantial constitutionally approved and applicable grounds for distinguishing between such a prisoner and a prisoner serving concurrent sentences in a state prison.

■ Defendant also contends the order at bench was an exercise of the jurisdiction conferred by Penal Code section 1168. Proceedings under section 1168 may not be initiated by a prisoner. (*Thomas* v. *Superior Court,* 1 Cal.3d 788, 790 [83 Cal.Rptr. 357, 463 P.2d 709]; *Alanis* v. *Superior Court,* 1 Cal.3d 784, 786-787 [83 Cal.Rptr. 353, 463 P.2d 707].) Although a court, on its own motion, may resentence a defendant pursuant to Penal Code section 1168 (*Alanis* v. *Superior Court, supra,* 1 Cal.3d 784, 786-787), the conditions precedent to an exercise of the authority conferred by that section must exist and be shown before the court may act on its own motion. The showing in support of defendant's petition to set aside his sentence, which is the only showing in support of the order made by the court on its own motion, bears no resemblance to the showing required to authorize the court to exercise the discretion conferred upon it by section 1168. (Gen. see *People* v. *Barnes,* 239 Cal.App.2d 705, 707-708 [49 Cal.Rptr. 77].)

The order appealed from is reversed.

Brown (Gerald), P. J., and Ault, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 13, 1971. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.