[Crim. No. 23185. First Dist., Div. Four. July 7, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GAINER, JR., Defendant and Appellant.

**COUNSEL**

Paul L. Forman, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ronald E. Niver and John H. Sugiyama, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RATTIGAN, J.**—Defendant Robert Gainer, Jr., was convicted of second degree murder pursuant to a jury verdict returned on July 21, 1978. On August 11, 1978, the trial court sentenced him to state prison

for terms prescribed by law. He appealed from the judgment of conviction, and was released on bail pending determination of the appeal. The judgment was affirmed by this court in 1981. Defendant surrendered himself to the trial court, and was remanded into custody. He thereupon requested that the trial court recall the sentence imposed on him in 1978, and resentence him, pursuant to Penal Code section 1170, subdivision (d).[1] At a hearing conducted on May 29, 1981, the court pronounced its determination that it was without jurisdiction to act on the request; declined to act on it for that reason; ordered defendant committed to state prison pursuant to the sentence imposed in 1978; and granted him credit for 39 days he had spent in custody between his surrender and the commitment.

Defendant has appealed from the "order" made on May 29, 1981, claiming error (1) in the trial court's denial of his request for recall and resentencing pursuant to section 1170, subdivision (d), and (2) in the number of days granted him as custody credits. We dismiss the appeal in the first respect. In the second, we modify the order and affirm it as modified.

### Procedural Sequence

Defendant was tried in 1978 on an information which was initially filed against him in 1974. He was charged in it with having committed murder in violation of section 187. The information also included enhancement allegations that he had been "armed with a deadly weapon" when the offense was committed, and that he had "used said weapon" in committing it.

In the above-mentioned verdict returned on July 21, 1978, the jury found defendant guilty of murder as charged; fixed the degree at second degree; and found that the "armed" and "use" allegations were true.[2] On August 11, 1978, the trial court sentenced him to state prison for a term prescribed by law for second degree murder, and to an enhancing term pursuant to the jury's "use" finding. An enhancing term was not imposed, pursuant to the "armed" finding, because the court ordered it stricken.

---

[1]Statutory citations in this opinion are to the Penal Code. Section 1170, subdivision (d), is quoted in footnote 3, *post*.

[2]This verdict was returned at the conclusion of defendant's third jury trial on the information. The jury reached identical results at his first trial, which was conducted in

Defendant appealed from the judgment of conviction. In December of 1978, on his motion, the trial court made an order admitting him to bail pending the determination of the appeal. He posted bail and was released.

The judgment of conviction entered on August 11, 1978, was affirmed by this court in an unpublished opinion filed on January 19, 1981. (*People v. Gainer*, 1 Crim. 18851.) The following events occurred later in 1981:

This court's decision affirming the judgment of conviction became final on March 20. The remittitur was filed in the trial court on March 24. According to the court's minutes for April 17, defendant appeared on that date; his "motion to remain on bail" was denied; he was remanded into custody; his previous bail was ordered "exonerated"; and the court continued the cause "for defense motions." The "motions" were not identified in the minutes for April 17, but it was later made to appear—and it is not disputed—that they principally consisted of a request by defendant to the effect that the court recall the sentence imposed on August 11, 1978, and resentence him, pursuant to section "1168." (See fn. 3, *post.*)

The request was argued at a hearing conducted on May 29. The trial court treated it as having been made pursuant to section 1170, subdivision (d), and declined to act on it, stating: " . . . I am going to rule . . . that this court is divested of jurisdiction to change the sentence imposed by the commitment of August the 11th, 1978. I find that this case factually and legally does not fit within . . . former section 1168, the now [*sic*: new ?] section I believe . . . is . . . 1170(d)."[3] The court thereupon ordered defendant committed to state prison "pursuant to the order of

---

1975, but the judgment of conviction was reversed on appeal. (See *People v. Gainer* (1977) 19 Cal.3d 835, 840-857, 859 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73].) At the second trial, which was conducted in 1977, a mistrial was ordered because the jury was unable to reach a verdict.

[3]The court thereby established that section 1168 had been superseded by section 1170, subdivision (d), and that defendant's invocation of the former section had been erroneous. The distinction is developed here because he has continued to cite section 1168 on the appeal. From 1970 until 1977, that section provided in pertinent part as follows:

"1168. . . . [¶] When a defendant has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, if it is deemed warranted by the diagnostic study and recommendations approved pursuant to Section 5079, the court may, within 120 days of the date of commitment on its own motion, or thereafter upon recommendation of the Director of Corrections, recall the

commitment made August 11, 1978." According to the court's, minutes, the court also granted him 39 days as precommitment custody credits.[4]

Defendant filed a notice of appeal in which he stated that he thereby appealed "from the order made after judgment ... on May 29, 1981."[5]

### Discussion

In *People* v. *Niren* (1978) 76 Cal.App.3d 850 [143 Cal.Rptr. 130], the defendant purportedly appealed from an order denying his "motion

sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced." (See § 1168 as last amended by Stats. 1969, ch. 990, § 1, pp. 1959-1960.)

In a series of enactments commencing in 1976, the Legislature deleted this language from section 1168; reenacted its substance in section 1170; and amended it without substantive change. (See Stats. 1976, ch. 1139, § 271, pp. 5139-5140 [amending § 1168]; *id.*, § 273, p. 5141; Stats. 1977, ch. 165, § 15, pp. 648-649; Stats. 1978, ch. 579, § 29, p. 1989; Stats. 1980, ch. 1117, § 7, p. 3596.) It appeared during 1981 in section 1170, subdivision (d), which then read in pertinent part:

"1170 .... [¶] (d) When a defendant subject to this section ... has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence ...." (Stats. 1980, ch. 1117, § 7, p. 3596; compare former § 1168 as quoted *supra*.)

The trial court was thus correct in treating defendant's request for recall and resentencing as having been made pursuant to section 1170, subdivision (d). We so treat it on his appeal.

[4]The minutes for May 29, 1981, show in pertinent part as follows: "ORDER FOR COMMITMENT [¶] Counsel argue defendant's request that the commitment be recalled. The Court rules that as a matter of law this Court is divested of jurisdiction to change the sentence imposed August 11, 1978. [¶] Defendant is ordered committed pursuant to the order of commitment made August 11, 1978 .... [¶] Defendant is entitled to credit for 39 days served subsequent to his surrender on the appeal bond."

The matter of custody credits was not mentioned in the oral proceedings conducted on May 29, 1981, and the last entry in the minutes was apparently made as an afterthought. The date of defendant's "surrender on the appeal bond" having been April 17, 1981, it immediately appears that he spent 42 days in custody between then and May 29, 1981, not "39 days" as recorded in that entry.

[5]This notice of appeal was filed on July 27, 1981, by defendant's attorney. On July 31, 1981, acting in propria persona, defendant filed a second notice in which he purported to appeal "from the judgment of conviction entered on July 21st, 1978." That having been the date on which the jury returned its verdict finding him guilty, the second notice of appeal was addressed to the judgment of conviction which was entered when defendant was sentenced on August 11, 1978. The notice cannot be construed as reaching that judgment because it had become final when the decision of this court affirming it became final on March 20, 1981. The appeal purportedly taken in the notice of appeal filed on July 31, 1981, must therefore be dismissed.

to recall" his commitment pursuant to section 1168. (*Id.*, at p. 851.) The appeal was dismissed on the grounds that a defendant had "no standing to make a motion to recall under ... section 1168" because proceedings pursuant to that section could not be "initiated by a defendant," and that "the trial court's denial of such a motion" was consequently not appealable. (*Ibid.*) Defendant recognizes this holding, and cites *Niren* for it, but he contends that he is "not appealing such an order"; that he is appealing from "the trial court's ruling that it was without jurisdiction as a matter of law to recall and modify the original sentence"; and that this "ruling" is appealable pursuant to section 1237, subdivision 2, because it is an "order made after judgment, affecting ... [his] ... substantial rights," within the meaning of that statute.[6]

■ The distinctions attempted here are not valid. The *Niren* court held in effect that a defendant who sought recall of a commitment and resentencing, pursuant to section 1168, was not entitled to appeal from an order denying relief, because of the all-inclusive rule that he had no right (no "standing") to invoke the statute in the first instance. (*People v. Niren, supra,* 76 Cal.App.3d 850 at p. 851.) This rule was uniformly applied in all the decisions which involved the substance of the present language of section 1170, subdivision (d), when it appeared in section 1168. (*Thomas v. Superior Court* (1970) 1 Cal.3d 788, 790 [83 Cal. Rptr. 357, 463 P.2d 709]; *Alanis v. Superior Court* (1970) 1 Cal.3d 784, 786-787 [83 Cal.Rptr. 355, 463 P.2d 707]; *People v. Niren, supra,* 76 Cal.App.3d 850 at p. 851; *People v. Heinold* (1971) 16 Cal.App.3d 958, 965 [94 Cal.Rptr. 538].)

The statutory language has not been changed in any material respect (see fn. 3, *ante*); the pertinent indicia of legislative intent still appear in support of the all-inclusive rule (see *Alanis v. Superior Court, supra,* 1 Cal.3d 784 at pp. 786-787); and there is no reason that the rule should not be applied to bar a defendant from initiating proceedings for recall and resentencing pursuant to section 1170, subdivision (d). (Cf. *People v. Laue* (1982) 130 Cal.App.3d 1055, 1060 [182 Cal.Rptr. 99].) The present defendant having sought that relief *without right*, the trial court's denial of his request is nonappealable. (*People v. Niren, supra,* 76 Cal.App.3d 850 at p. 851.) It may not be deemed an appealable order pursuant to section 1237, subdivision 2, because it could not have affected a "substantial right" (see fn. 6, *ante*) where none existed. The

---

[6]Section 1237 provides in pertinent part: "An appeal may be taken by the defendant: [¶] 1. From a final judgment of conviction .... [¶] 2. From any order made after judgment, affecting the substantial rights of the party."

appeal in this respect must accordingly be dismissed. (*People* v. *Niren, supra.*) Because the all-inclusive rule commands this result in any event, other contentions made by defendant need not be reached.

■ In contrast, the minute order in which he was granted 39 days as custody credits on May 29, 1981 (see fn. 4, *ante*), was an order "affecting ... [his] ... substantial rights" because it will figure in the calculation of the time he must serve pursuant to the sentence imposed on him in 1978. In the unusual sequence of this case, it was also an "order made after judgment." For both reasons, we treat it as an appealable order pursuant to section 1237, subdivision 2. (See fn. 6.)

Defendant contends that the minute order is erroneous in that he should have been granted precommitment custody credits totalling 42 days. We have pointed out that error in this respect appears on the face of the order. (See fn. 4, *ante*.) The Department of Corrections cannot be expected to apprehend the error in the absence of an accurate figure certified to it by the trial court. (See § 2900.5, subds. (d) and (e); see also Cal. Admin. Code, tit. 15, § 2340.) We accordingly correct the error by modifying the minute order at this time. The modified order, which we affirm, will then be certified to the department of corrections as directed below.

The appeal purportedly taken in the notice of appeal filed on July 31, 1981, is dismissed. The appeal taken in the notice filed on July 27, 1981, is dismissed as to that portion of the minute order entered on May 29, 1981, recording the superior court's refusal to recall the sentence imposed on August 11, 1978. Otherwise, said order is modified by striking the figure "39" from the last sentence thereof and inserting the figure "42" in its place. As so modified, the order is affirmed. The clerk of the superior court is directed to transmit a certified copy of the modified order to the Department of Corrections upon receipt of the remittitur herein.

Caldecott, P. J., and Poché, J., concurred.