[No. B130332. Second Dist., Div. Four. June 15, 1999.]

BENJAMIN L. CANO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Benjamin L. Cano, in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**EPSTEIN, Acting P. J.**—This case is an example of how time is lost and justice undone by an effort to cut corners.

Under an apparent arrangement between a municipal court, a district of the superior court, and local prosecutors and public defenders, a "one stop" disposition program was initiated in the Citrus Municipal Court and the East District of respondent court. Under its provisions, a defendant could plead guilty at the felony preliminary hearing, upon which the magistrate would immediately certify the plea to the superior court. Then, wearing a superior court "hat" as a cross-assigned judge, the same bench officer would accept

the plea and, upon defendant's waivers, immediately sentence him to state prison. The defendant would begin to serve his prison term forthwith. At the same hearing, the case would be set on a nonappearance calendar, at which time a probation report would be reviewed and the trial court could call the defendant back, then set aside the plea and put the case back on track for trial and sentencing if the report turned up significant information not available when the original sentence was imposed. As the trial judge explained on the record in this case, everyone was happy with the program: the defendant, who could immediately begin to earn conduct credits at a higher rate than is available for precommitment custody; the prosecutor, who would not have to prosecute; the sheriff, who would be able to free up a jail cell; and the court, which would make a move toward clearing its docket.

The only problem with all of this is that the court lost jurisdiction when the defendant began to serve the state prison sentence. The result was that a defendant could escape being sentenced to the term that otherwise probably would have been imposed: a windfall that proves the law of unintended consequences and the folly of ill-considered expedition.

FACTUAL AND PROCEDURAL SUMMARY

In a complaint filed in the Citrus Municipal Court, petitioner Benjamin L. Cano was charged with petty theft with a prior prison term for robbery. (We refer to him as defendant.) The current offense was subject to being charged as a felony under Penal Code section 666, and was charged in that manner. The complaint was filed on October 22, 1998. On the same day, the public defender was appointed to represent defendant, arraignment was waived, a not guilty plea was entered, and bail was set at $50,000.

The case was duly called for preliminary hearing in the Citrus Municipal Court on November 3, 1998. We do not have a reporter's transcript of that proceeding, but there is no dispute over what happened. On motion of the prosecutor, the complaint was amended to allege a previous robbery conviction for which defendant had served a prison term. That placed the case under the sentencing provisions of the three strikes law, since robbery is classified as a serious felony. The result was to subject defendant to a doubled term for his current offense. (Pen. Code, § 1170.12, subd. (c)(1).)

Defendant waived his trial rights, was admonished about the maximum penalty that could be imposed and of the risk of deportation if he were a noncitizen, and pled guilty to the amended complaint. His earlier not guilty plea was set aside. Defendant also admitted the truth of the newly alleged prior robbery conviction and the resulting prison term. The plea was found

to be knowing, understood by defendant, and voluntary, and was accepted. The plea was immediately certified to the superior court. That court immediately convened, under the presidency of the same judge, now sitting as a superior court judge. Defendant waived arraignment and stated that there was no legal cause why sentence should not then be pronounced. It was: defendant was sentenced to the low term for the current charge (16 months), doubled to 32 months pursuant to the three strikes provision. He was given precommitment credit of 22 days, ordered to make restitution to the victim and to pay a restitution fine, and was remanded. He was received by the Department of Corrections on November 17, 1998.

On the same day (November 17), the matter came up on the court's nonappearance calendar, and was continued to November 30, 1998. The clerk's minute for that proceeding does not spell it out, but we infer that a probation report had been received, indicating that defendant had suffered not one but four prior convictions for robbery. The minute bears the parenthetical statement, "defendant needs to set aside plea."

Defendant was removed from state prison and brought back to court for proceedings held on February 1, 1999. We have a reporter's transcript of that proceeding.

Defendant appeared with the Deputy Public Defender Albert Johnson, his attorney. The court had been informed that defendant's attorney was taking the position that since defendant had commenced serving his term in state prison, the court had no jurisdiction. The prosecutor argued that the court had retained jurisdiction by setting a postsentence report date. The court read from a transcript of the sentencing hearing, at which defendant was informed that a probation report will be prepared, that " 'if it is determined that this is an improper plea for whatever reason, the court will withdraw the plea and set the matter for preliminary hearing,' " and that defendant understood this. The prosecutor stated that the procedure in this case had been used in the courthouse for several months pursuant to "a longstanding agreement" of both counsel (i.e., the public defender and the district attorney). Defendant's counsel stated that although a memorandum had been prepared on the subject, "no such agreement exists." The trial court settled the issue: "There was an agreement," and it was as we summarized at the beginning of this opinion. The court ordered that defendant's plea be withdrawn, and it accepted an amended complaint charging the four prior convictions. Mr. Johnson acknowledged receipt of a copy of that document, and said that defendant was familiar with the allegations it contained. Beyond that, counsel refused to participate in an arraignment of his client. His reason, respectfully expressed, was that the trial court lacked jurisdiction. The court entered

a not guilty plea on defendant's behalf, set the matter for felony preliminary hearing, and set bail at $1 million. All of this was in the original case (No. KA042302).

The public defender later declared a conflict and withdrew, following which defendant exercised his right of self-representation. Defendant prepared a handwritten petition for writ of prohibition/mandate, to which he appended his own declaration, a memorandum of points and authorities, a reporter's transcript of the February 1, 1999, hearing, and copies of pertinent clerk's minutes. In his documentation, he raised a number of constitutional issues, including lack of jurisdiction in the trial court. The petition was filed on March 19, 1999. We are informed that defendant's case was pending trial when we issued our stay order, on April 2, 1999. We called for preliminary opposition, and we issued an order to show cause on April 14, 1999. Counsel for defendant was appointed to represent defendant for this writ proceeding. On April 30, 1999, we received a letter from the district attorney conceding that the superior court lost jurisdiction when defendant was sentenced. The district attorney's letter states that defendant was sentenced on October 22, 1998. Our copy of the clerk's minute for that date reflects the entry of a not guilty plea and setting for a preliminary hearing on November 3, 1998. The clerk's minute for the latter date reflects the guilty plea.

## DISCUSSION

Little discussion is needed. The "general rule is that the court loses jurisdiction to reconsider its denial of probation when the court has relinquished control of the defendant and the execution of his sentence has begun." (*Holder* v. *Superior Court* (1970) 1 Cal.3d 779, 783 [83 Cal.Rptr. 353, 463 P.2d 705]; *Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 455 [279 Cal.Rptr. 834, 807 P.2d 1063].) Defendant, our petitioner, was formally sentenced, was remanded, and was surrendered to the custody of the Department of Corrections, and began serving his term in state prison. Under the general rule, those facts deprived the trial court of jurisdiction; it had no power thereafter to order his plea withdrawn and a new plea entered, to rearraign him, or to otherwise process him for felony trial on the charges on which he already had been sentenced. Penal Code section 1170, subdivision (d), provides for recall of a sentence by the superior court, but there is no claim that the provisions of that statute were invoked and, in any case, it does not permit a new sentence in excess of the original sentence. (53 Cal.3d at p. 455.) The purpose of the new proceedings in this case was to allow defendant to be sentenced to the life term applicable to a person who commits a present felony and who has two or more serious or violent felonies in his or her record.

We do not know whether two or more prior serious felonies would have been proven against defendant or, if so, whether a life sentence would have been within the spirit of the three strikes law. (See *People* v. *Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429].) Assuming that a life sentence or any greater punishment than that which was imposed is appropriate, the opportunity to impose it was lost by the procedure adopted in this case. The procedural facts, which we have summarized, suggest that when defendant pled to the information, the prosecutor was only aware of the single prior conviction alleged in that document. (See Pen. Code, § 1170.12, subd. (e) [prosecution shall plead and prove all known prior felony convictions].) If the normal plea/sentencing procedure had been followed, the trial court's approval of the bargain would have been conditional and could have been withdrawn when it appeared that defendant had four prior robberies in his record, rather than the one that had been alleged and admitted. Defendant then would have been permitted to withdraw his guilty plea, and the matter would have proceeded through the normal process. (See Pen. Code, § 1192.5.) As it is, that process was thwarted by the attempt to save time and cut corners.

### DISPOSITION

Let a writ issue under the seal of this court prohibiting the respondent court from proceeding further in Los Angeles Superior Court case No. KA042302 or otherwise interfering with defendant's service of the sentence which the trial court imposed; and directing the court to vacate all orders made after sentencing of defendant. Defendant is to be returned to the custody of the Department of Corrections to complete his prison term.

Hastings, J., and Curry, J., concurred.