Filed 7/22/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re PEDRO LUIS RODRIGUEZ on Habeas Corpus. | D078421<br><br>(San Diego Super. Ct. Nos. SCN333447, SCN340334, HCN1657) |

ORIGINAL PROCEEDING in habeas corpus.  Blaine K. Bowman, Judge.  Petition denied.

Pedro Luis Rodriguez, in pro. per., and Christine M. Aros, under appointment of the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Respondent.

Petitioner Pedro Luis Rodriguez is currently serving a determinate term of 14 years eight months in prison.  This term is the result of two separate proceedings in the trial court, both of which ended with jury trials and judgments of conviction.  Following the second proceeding, the trial court announced a single, aggregate term of imprisonment for all of Rodriguez's felony convictions from both proceedings.  (See Pen. Code, § 1170.1.)[1]

---

[1]     Subsequent statutory references are to the Penal Code.

In the first proceeding, the trial court imposed a one-year prior prison term enhancement under former section 667.5, subdivision (b). This one-year term was included in the aggregate term of imprisonment imposed following the second proceeding. While Rodriguez's appeal from the judgment in the second proceeding was pending, section 667.5 was amended to limit the prior prison term enhancement to sexually violent offenses.

Rodriguez contends the amendment applies retroactively to him under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) because his aggregate sentence was not yet final when the amendment became effective. The Attorney General responds that the judgment in the first proceeding, where the enhancement was imposed, was final before the amendment became effective. Its finality was not affected by its inclusion in the aggregate term of imprisonment announced by the court following the second proceeding.

As our Supreme Court recently confirmed, "*Estrada* . . . continues to stand for the proposition that (i) in the absence of a contrary indication of legislative intent, (ii) legislation that ameliorates punishment (iii) applies to all cases that are not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 675 (*Esquivel*).) The *Estrada* rule is primarily based on the Legislature's presumed intent when enacting ameliorative legislation. (*Ibid*.) " 'It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. . . . This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology.' " (*Id*. at p. 674, quoting *Estrada, supra*, 63 Cal.2d at p. 745.)

2

We conclude that, under *Estrada*, the amendment to section 667.5 does not apply retroactively to eliminate the prior prison term enhancement imposed on Rodriguez in the first proceeding. The judgment in the first proceeding was final before the amendment took effect. While the trial court in the second proceeding used the first judgment to calculate the aggregate term of imprisonment covering both proceedings, the first judgment itself was unaffected. It remained final, and the amendment to section 667.5 does not apply retroactively to it.

Our conclusion is supported by the principles underlying the *Estrada* rule. It is clear that, in the absence of the second proceeding, Rodriguez would not be entitled to the benefit of the amendment to section 667.5. The second proceeding arose because Rodriguez committed additional crimes. To uphold the judgment in the first proceeding, notwithstanding the second proceeding, is not the "vengeance" identified in *Estrada*. It follows logically from the fundamental principle that a defendant should not be rewarded for committing additional crimes. Indeed, applying the *Estrada* rule to a prior judgment could conceivably result in an aggregate term that is the same—or shorter—than the prior judgment standing alone. A defendant would effectively escape punishment for the subsequent crime, or even see a sentence reduction as a result of its commission. Such a result cannot be encompassed in the Legislature's presumed intent in enacting an ameliorative statute under *Estrada*. We therefore deny the petition.

FACTUAL AND PROCEDURAL BACKGROUND

In the first proceeding, Rodriguez was convicted of multiple felonies and sentenced to a total determinate term of 13 years four months in state prison. His sentence included a one-year enhancement under former section 667.5, subdivision (b), which at the time required imposition of the

enhancement for each separate prior prison term (or county jail term under section 1170, subdivision (h)) unless a " 'washout' " period applied. (See *People v. Buycks* (2018) 5 Cal.5th 857, 889 (*Buycks*).) This court affirmed the judgment, and the Supreme Court denied review. (*People v. Rodriguez* (July 19, 2018, D071405) review den. and opn. ordered nonpub. (Nov. 14, 2018, S251142)).)

In the second proceeding, Rodriguez was convicted of several additional felonies and several dozen misdemeanors. The trial court imposed a determinate term of imprisonment to run consecutively with the remaining term of Rodriguez's prior sentence. On appeal, this court reversed in part and remanded for resentencing. (*People v. Rodriguez* (Sept. 19, 2018, D071948) [nonpub. opn.].)

At resentencing, the trial court again imposed a consecutive sentence. As required by statute, the court announced a single, aggregate term of imprisonment of 14 years eight months for the two proceedings. (See § 1170.1, subd. (a).) This term included the one-year prior prison term enhancement imposed in the first proceeding. This court affirmed the judgment. (*People v. Rodriguez* (July 17, 2020, D075890) [nonpub. opn.].) The Supreme Court denied review. (*People v. Rodriguez* (Sept. 30, 2020, S264130).)[2]

While Rodriguez's most recent appeal was pending, section 667.5 was amended to limit the application of the prior prison term enhancement to certain sexually violent offenses. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1; see *People v. Gastelum* (2020) 45 Cal.App.5th 757,

---

[2] The trial court also imposed a term of 15 years six months for the misdemeanor convictions, to be served in local custody. Rodriguez does not raise any issues regarding that term.

772 (*Gastelum*).) Rodriguez filed a petition for writ of mandate, later construed as a petition for writ of habeas corpus, contending he should benefit from the amended statute. The trial court denied his petition. It reasoned that the judgment in the first proceeding, where the enhancement was imposed, was final before the amendment took effect. Thus, the amendment did not apply retroactively to Rodriguez.

Rodriguez filed a petition for writ of habeas corpus here, and this court issued an order to show cause returnable in the trial court. (*In re Rodriguez* (Aug. 11, 2020, D077717).) The trial court again denied relief.

Rodriguez filed another petition for writ of habeas corpus in this court. We issued an order to show cause, and these proceedings followed.[3]

## DISCUSSION

A statute is ordinarily presumed to operate prospectively. (*People v. Brown* (2012) 54 Cal.4th 314, 323-324.) But, under *Estrada*, certain ameliorative statutes are governed by the opposite presumption: "When new legislation reduces the punishment for an offense, we presume that the legislation applies to all cases not yet final as of the legislation's effective date." (*Esquivel, supra*, 11 Cal.5th at p. 673.) The amendment at issue here narrows the scope of the one-year prior prison term sentencing enhancement. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1.) It is generally entitled to retroactive effect under *Estrada*. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682; accord, *Gastelum, supra*, 45 Cal.App.5th at p. 772.)

---

[3] Our order to show cause was limited to the retroactivity, under *Estrada*, of the amendment to section 667.5. "An [order to show cause] directing response on a particular issue indicates that the petitioner has failed to make a prima facie case as to the other issues presented." (*In re Sims* (2018) 27 Cal.App.5th 195, 203.)

5

The dispute here revolves around finality since the *Estrada* rule applies only to nonfinal judgments. "*Estrada* used varied terminology to describe this issue, speaking of the finality of 'the judgment of conviction' [citation]; of 'all cases not reduced to final judgment' [citation]; and, when describing a related common law rule, of 'all prosecutions not reduced to final judgment' [citation]." (*Esquivel, supra*, 11 Cal.5th at p. 676.) "The significance of finality was that legislation 'constitutionally could apply' to nonfinal judgments." (*Id*. at p. 677.) While the underlying constitutional issue may not be so straightforward, our Supreme Court continues to "adhere to the *Estrada* doctrine's long-standing nonfinality requirement, on which our Legislature may have relied when declining to limit the retroactive application of its enactments. [Citation.] But the role of finality in *Estrada*'s reasoning counsels against importing a rigid understanding of the term 'final' into this context." (*Ibid*.) As with the *Estrada* rule as a whole, our consideration of this issue is guided by the Legislature's presumed intent. (*Id*. at p. 680.)

Here, setting aside the second proceeding, it is clear the judgment following the first proceeding was final before the amendment to section 667.5. Our Supreme Court has stated the general rule: "A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired." (*Buycks, supra*, 5 Cal.5th at p. 876, fn. 5; *People v. Millan* (2018) 20 Cal.App.5th 450, 456; see *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.) Rodriguez does not argue otherwise.

Rodriguez contends, instead, that we must look to the finality of the judgment following the second proceeding, in which the trial court announced a single, aggregate term of imprisonment encompassing both proceedings.

We disagree. The court's use of the judgment following the first proceeding as a component of the aggregate term of imprisonment does not affect its finality for purposes of the *Estrada* rule.

"Under the Determinate Sentencing Act (§ 1170 et seq.), multiple consecutive determinate terms must be combined into a single, 'aggregate term of imprisonment for all [such] convictions' (§ 1170.1, subd. (a)) that merges all terms to be served consecutively and complies with the rules for calculating aggregate terms (e.g., one-third the base term for subordinate terms and specific enhancements applicable to subordinate terms (*ibid*.)), whether or not the consecutive terms arose from the same or different proceedings (*ibid*.; see also § 669; Cal. Rules of Court, rule 4.452)." (*In re Reeves* (2005) 35 Cal.4th 765, 772-773.)

Crucially, the court announcing the aggregate term of imprisonment does not resentence the defendant in the generally understood manner, with authority to modify every aspect of the sentence. (Cf. *Buycks*, *supra*, 5 Cal.5th at p. 893.) The court must instead preserve the sentencing choices reflected in the prior judgment. "Discretionary decisions of courts in previous cases *may not be changed* by the court in the current case. Such decisions include the decision to impose one of the three authorized terms of imprisonment referred to in section 1170[, subdivision ](b), making counts in prior cases concurrent with or consecutive to each other, or the decision that circumstances in mitigation or in the furtherance of justice justified striking the punishment for an enhancement." (Cal. Rules of Court, rule 4.452(a)(3), italics added.) This limitation reflects, in part, the common law rule that a court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (See, e.g., *Holder v. Superior Court* (1970) 1 Cal.3d 779, 783.)

The statute admits one necessary exception. In order to combine multiple consecutive determinate terms into one aggregate term, the court must designate the longest single term as the principal term, which may displace a previously-designated principal term. "While imposing the current, consecutive sentence, the second court is empowered to modify a sentence previously imposed by a different court and make it subordinate to the later-imposed term. [Citation.] Thus, section 1170.1 provides an exception to the general rule that a sentence lawfully imposed cannot be modified once a defendant is committed and execution of his or her sentence has begun. [Citation.] Without the exception, ' "sentencing courts would be unable to impose full terms under sections 669 and 1170 for serious crimes when those crimes are committed by defendants who have been previously convicted and sentenced for less serious offenses." ' " (*People v. Baker* (2002) 144 Cal.App.4th 1320, 1329; accord, *People v. Bozeman* (1984) 152 Cal.App.3d 504, 507 ["The exception provided by section 1170.1, subdivision (a) is necessary and makes good sense."].) The statutory scheme therefore maintains the finality of a prior judgment, except to the extent necessary to properly calculate the defendant's aggregate sentence under the Determinate Sentencing Act.

Given these limitations, the announcement of an aggregate sentence does not reopen a prior judgment or render it nonfinal for purposes of the *Estrada* rule. The announcement of an aggregate sentence is not a mere continuation of a prior criminal proceeding. It is, instead, the result of a new

proceeding, occasioned by the commission of an additional offense, which builds on the now-final determinations of a previous court.[4]

This matter is therefore unlike recent opinions where a defendant's continuing involvement in the criminal justice system *in the same case* justified application of the *Estrada* rule. (See *Esquivel, supra*, 11 Cal.5th at p. 673 [holding that "a case in which a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final for this purpose if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect"]; *People v. McKenzie* (2020) 9 Cal.5th 40, 43 [holding that "a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence"].) The proceedings in *Esquivel* and *McKenzie* never achieved finality for purposes of *Estrada*. Here, by contrast, the judgment

---

[4]      Rodriguez notes that the prior prison term enhancement is a status enhancement, which can only be imposed once in an aggregate sentence. (See, e.g., *People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060.) This circumstance is irrelevant to our analysis. The court in the first proceeding imposed the prior prison term enhancement as part of its own aggregate sentence. The prior prison term enhancement cannot be separated from the remainder of the first judgment. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components."]; see *People v. Cortez* (2016) 3 Cal.App.5th 308, 316 ["[T]he aggregate length of a term matters."].) The court in the second proceeding was required to preserve the first court's discretionary sentencing choices to the extent possible. (Cal. Rules of Court, rule 4.452(a)(3).) The fact that the prior prison term enhancement could not have been imposed *again* as a result of the second proceeding is of no consequence.

which imposed the prior prison term enhancement was final. That case was complete, Rodriguez had begun serving his sentence, and he had exhausted his avenues of direct review. (See *People v. Martinez* (2020) 54 Cal.App.5th 885, 891, rev. granted Nov. 10, 2020, S264848 ["A sentence becomes final 'when all available means to avoid its effect have been exhausted.' [Citation.] It has not become final 'if there still remains some legal means of setting it aside' on direct appeal."]; cf. *Esquivel*, at p. 678 [applying *Estrada* where the defendant "had not exhausted direct review of the order causing his carceral punishment to take effect"].) But for the second proceeding, the criminal prosecution against Rodriguez had ended.

Indeed, it is the necessity of the second proceeding that confirms *Estrada* should not apply here. As noted, *Estrada* recognized an implied legislative intent that ameliorative statutes should have the greatest possible reach, consistent with the Constitution. (*Esquivel*, *supra*, 11 Cal.5th at p. 674.) This implied intent is not an abstract notion. It has a specific foundation: An ameliorative statute reflects the Legislature's determination that the lesser punishment is proper and the greater punishment serves no penological purpose. (*Ibid.*) To impose it unnecessarily would reflect only a " 'desire for vengeance' " on the part of the Legislature. (*Id.* at p. 674.) "[P]unishment is appropriate to deter, confine, and rehabilitate; ' "[t]here is no place in the scheme for punishment for its own sake . . . ." ' " (*Ibid.*)

The trial court's preservation of the judgment following the first proceeding, including its one-year prior prison term enhancement, was not punishment for its own sake. It maintained the deterrent value of judgments imposed by California courts, both past and future. If the announcement of an aggregate term of imprisonment under section 1170.1 required the application of ameliorative statutes to otherwise-final judgments, a defendant

10

would be incentivized to commit a new crime and obtain a potentially lower aggregate sentence. For example, if a defendant previously suffered two prior prison term enhancements, he would in some circumstances benefit from committing a new crime for which the effective sentence was less than two years, since eliminating the enhancements would cancel out any additional punishment for the crime.[5]

The existing exception in section 1170.1, which allows for the determination of a new principal term, appears to guarantee that a defendant will suffer a longer aggregate sentence following the commission of an additional crime. A prior principal term can only be supplanted by a longer principal term. But no such guarantee exists if ameliorative statutes are applied more broadly.

In this context, the contrast with *Esquivel* is apparent. *Esquivel* considered a situation where the trial court imposed a sentence on a defendant, including two prior prison term enhancements, but suspended execution of the sentence and placed the defendant on probation. (*Esquivel, supra*, 11 Cal.5th at p. 673.) Three years later, the trial court found that the

---

[5]     Of course, upon eliminating the enhancements, a trial court would be required to resentence the defendant on all counts and allegations. (See *Buycks, supra*, 5 Cal.5th at p. 893.) If the court had not previously imposed the highest possible punishment, the court may be able to reimpose the same sentence in a different manner, and the defendant may yet suffer a longer aggregate sentence following the second proceeding. (See, e.g., *People v. Calderon* (1993) 20 Cal.App.4th 82, 88 ["It is perfectly proper for this court to remand for a complete resentencing after finding an error with respect to part of a sentence and just as proper for the trial judge to reimpose the same sentence in a different manner."].) But, if the court had already imposed the highest possible sentence, the court would be unable to make up the difference, and the defendant would enjoy a shorter sentence than if he had not committed the new crime.

11

defendant had violated a condition of his probation and ordered the previously-imposed sentence into effect. (*Ibid*.) The defendant appealed, and during his appeal the amendment to section 667.5 took effect. (*Ibid*.) Our Supreme Court held that the amendment should apply retroactively to him under *Estrada*. (*Ibid*.) However, notwithstanding this retroactive application, the defendant was still worse off having committed a probation violation. Perhaps he would not serve as long a sentence as the trial court initially imposed (based on the elimination of the prior prison term enhancements), but he was still newly committed to state prison. He did not benefit from the probation violation, and therefore *Esquivel* would not incentivize a defendant to commit a probation violation. In the present context, by contrast, a defendant would benefit from committing a new crime if the ameliorative effect of the intervening statute outweighed the additional punishment that could be imposed. He would be incentivized to commit a new crime and, in some cases, possibly rewarded for doing so.

In sum, Rodriguez has not shown that the ameliorative amendment to section 667.5 should be applied retroactively to him under *Estrada*. The judgment imposing the prior prison term enhancement was final before the amendment became effective. Its inclusion in an aggregate term of imprisonment following a later criminal proceeding does not affect its finality. The prior judgment must be preserved, to the extent possible, and the Legislature's presumed intent that ameliorative statutes should reach as broadly as possible does not cover the circumstances here.

12

DISPOSITION

The petition is denied.

GUERRERO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.