Field 6/26/13  P. v. Omara CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL ARMOND OMARA,<br><br>    Defendant and Appellant. | G047500<br><br>(Super. Ct. No. 05WF3313)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed.

        Sharon M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

*        *        *

1. *Introduction*

In a prior appeal, we concluded the trial court has discretion under Penal Code section 1385, subdivision (a) to strike a prior serious or violent felony conviction in order to award additional presentence custody credit under an amended version of Penal Code section 4019 in effect between January 25 and September 28, 2010 (Amended Section 4019). (*People v. Omara* (Apr. 5, 2012, G044820) [nonpub. opn.] (*Omara I*).) As a consequence, we reversed an order denying Michael Armond Omara's motion to strike priors and remanded for the trial court to determine whether to exercise that discretion in reconsidering Omara's motion. After remand, the trial court reconsidered the motion and denied it.

By this appeal, Omara challenges the trial court's order declining to strike one or more prior convictions following remand from *Omara I*. The appeal is authorized because Omara first presented his claim for additional presentence custody credit to the trial court (Pen. Code, § 1237.1) and because the trial court's order affected his substantial rights (*id.*, § 1237, subd. (b); *People v. Gainer* (1982) 133 Cal.App.3d 636, 642).

Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel suggested we consider one issue, which we address in section 3. Omara was granted 30 days to file written arguments in his own behalf, but did not file anything.

We have examined the entire record and counsel's *Wende/Anders* brief. We looked for issues other than those raised by counsel, but after considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

2. *Background*

In 2007, Omara was convicted of one count of receiving stolen property (Pen. Code, § 496d, subd. (a) [count 1]) and one count of possession of controlled substance paraphernalia (Health & Saf. Code, § 11364 [count 2]). In January 2009, the trial court conducted a bifurcated hearing on the allegation Omara had suffered prior serious and violent felony convictions. (Pen. Code, §§ 667, subds. (d) & (e)(2)(A), 1170.12, subds. (b) & (c)(2)(A).) On the prosecution's motion, the court dismissed one of the prison prior offenses and, on the defense's motion, struck one of the two prior strike convictions. The court found the remaining two prior conviction allegations to be true.

The trial court pronounced judgment on the same day as the hearing. The court sentenced Omara to eight years in prison, comprised of the upper term of six years on count 1 and a consecutive one-year sentence on each prison prior offense, and suspended sentence on count 2. Omara was awarded 1,025 actual days and 512 conduct days of custody credit for a total of 1,537 days of presentence custody credit. Omara appealed from the judgment, and we affirmed.

In December 2010, Omara brought, on an ex parte basis, a motion to strike priors. He argued that the trial court had discretion to strike his prior serious or violent felony convictions for the purpose of calculating his custody credits and that he was entitled to additional credit pursuant to Amended Section 4019. The trial court denied the motion, concluding it did not have the power to strike a prior conviction under Penal Code section 1385 "once a state prison sentence is carried out." Because Omara had suffered a prior conviction involving a serious or violent felony, he was ineligible for the additional presentence custody credit under Amended Section 4019. Omara appealed.

In *Omara I*, we reversed and remanded. We stated: "We conclude only that a trial court has discretion to strike a prior serious or violent felony conviction in order to award presentence custody credit under Amended Section 4019. We remand for

the trial court to determine whether to exercise that discretion in reconsidering the Motion to Strike Priors." (*Omara I*, *supra*, G044820.)

Following remand, the trial court again declined to strike prior convictions. The court stated: "I'm not going to exercise any additional discretion to award [Omara] any additional credits because I feel that he's already received the benefit of everything in my analysis in my original sentence."

3. *Analysis of Suggested Issue in Counsel's* Wende/Anders *Brief*

Appointed counsel suggests this potential issue: "Did the trial court abuse its discretion when it denied [Omara]'s motion to strike a prior conviction in order to award [Omara] additional pre-sentence conduct credits under the amended version of Penal Code section 4019?" (Boldface & some capitalization omitted.)

We have reviewed the entire record and find nothing to suggest the trial court abused its discretion. The trial court stated on the record it considered Omara's entire record and imposed what the court concluded was the appropriate sentence.

4. *Disposition*

The order is affirmed.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.


4