Filed 9/22/15  P. v. Reese CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B263416 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA230274) |
| v. | |
| CLARENCE E. REESE, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Dismissed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Clarence Reese appeals from the superior court's December 19, 2014 denial of his petition for writ of habeas corpus and its January 29, 2015 denial of his motion requesting monetary credit for his presentence incarceration. Because neither order is appealable, we dismiss the appeal.

## PROCEDURAL HISTORY

On August 25, 2004, defendant was convicted of one count of first-degree murder (Pen. Code,[1] §§ 187, 189) with special circumstances that he was engaged in attempted carjacking (§ 190.2, subd. (a)(17)(L)) and burglary (§ 190.2, subd. (a)(17)(G)); one count of attempted carjacking (§§ 664, 215, subd. (a)); and one count of first-degree residential burglary (§ 459). For each count, the jury also found a variety of firearm enhancements true (§ 12022.53, subds. (b) – (e)(1)). (*People v. Reese* (Mar. 7, 2007, B186147) [nonpub. opn.] at p. 2.) On September 15, 2005, the court sentenced defendant to 25 years to life and imposed a $10,000 restitution fine.

On December 12, 2014, defendant filed a petition for writ of habeas corpus in the superior court challenging the constitutionality of the restitution fine. The court denied the petition on December 19, 2014.[2]

On January 28, 2015, defendant filed a request for judicial notice of his 2005 abstract of judgment, and a motion for monetary credit in lieu of presentence custody credit under section 2900.5. (§ 2900.5, subd. (a).) On January 29, 2015, the court denied the motion.

---

[1] All undesignated statutory references are to the Penal Code.

[2] This was not defendant's first habeas petition. On September 4, 2014, defendant filed a petition in the superior court seeking modification of his sentence under section 3051 and *Miller v. Alabama* (2012) 567 U.S. ___ [132 S.Ct. 2455, 2464–2469]. (*People v. Reese* (Oct. 21, 2014, BA230274) [nonpub. mem. of dec.].) That petition was denied on October 21, 2014. (*Ibid.*) On December 17, 2014, defendant filed a substantially similar petition in this court. (*In re Clarence E. Reese* (Dec. 23, 2014, B260758) [nonpub. order].) We denied the petition on December 23, 2014. (*Ibid.*)

2

On March 16, 2015, defendant filed a notice of appeal from the denial of the section 2900.5 motion.

On August 7, 2015, defendant's appointed appellate counsel filed a brief in which she raised no issues and asked us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Later that day, we notified defendant that his counsel had failed to find any arguable issues and that he had 30 days to submit by brief or letter any arguments he wished this court to consider. On August 20, 2015, defendant filed a letter brief.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief that raised no issues and asked this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant filed a letter brief in which he repeated the claims raised in his most recent habeas petition.

## DISCUSSION

In a petition for writ of habeas corpus filed in the superior court on December 12, 2014, defendant contended that in light of recent Supreme Court opinions acknowledging a juvenile offender's diminished criminal culpability, the court's imposition of a $10,000 restitution fine as part of his 2005 first-degree murder sentence violated the Excessive Fines Clause of the Eighth Amendment. He also argued he was never afforded a hearing to evaluate his ability to pay the fine. The superior court denied defendant's petition on December 19, 2014.

On January 28, 2015, defendant filed a motion for monetary credit in lieu of presentence custody credit under section 2900.5. (§ 2900.5, subd. (a).) On January 29, 2015, the superior court denied the motion.

On March 16, 2015, defendant filed a notice of appeal from the order denying his section 2900.5 motion. Though the notice of appeal does not mention the habeas petition, defendant's letter brief asks this court to consider the Eighth Amendment issue raised in that petition. We therefore construe the notice of appeal as also encompassing the superior court's December 19, 2014 denial of defendant's most recent habeas

3

petition. (Cal. Rules of Court, rule 8.304(a)(4) ["The notice of appeal must be liberally construed."].)

        1.     *The December 19, 2014 order denying the habeas petition is not an appealable order.*

A superior court order denying a criminal defendant's petition for writ of habeas corpus is not appealable. (§ 1506; *In re Clark* (1993) 5 Cal.4th 750, 767 fn. 7.) Therefore, the December 19, 2014 denial of defendant's habeas petition is not an appealable order.[3]

        2.     *The January 29, 2015 order denying the section 2900.5 motion is not an appealable order.*

A criminal defendant may appeal an order made after judgment if the order affects his substantial rights. (§ 1237, subd. (b).) On January 28, 2015, defendant filed a motion under section 2900.5 for monetary credit in lieu of presentence custody credit for the time he spent incarcerated while awaiting his 2004 trial. (§ 2900.5, subd. (a).) On January 29, 2015, the superior court denied the motion.

Section 2900.5, subdivision (a) provides, "In any case where the court has imposed both a prison or jail term of imprisonment and a fine," all presentence custody credits must "first be applied to the term of imprisonment" and then to "any fine," including restitution fines, at the rate of $30 per day. (See *People v. Hanson* (2000) 23 Cal.4th 355, 361–362 [restitution fines are penalties].) Here, defendant argued the court should allow him to apply his presentence custody credits toward his restitution fine rather than his prison term. His request, if granted, would violate the plain meaning of the statute, and our research has uncovered no authority to support a contrary

---

[3] Even if this were an appealable order, we would dismiss the appeal as untimely because the notice of appeal was filed 88 days after the relevant order. (Cal. Rules of Court, rules 8.308(a) [notice of appeal must be filed within 60 days], 8.388(a) [criminal appellate rules govern appeals from habeas petitions].)

interpretation. Because defendant has no right to reallocate his presentence credits as he suggests, the superior court's denial of his request "could not have affected a 'substantial right' " within the meaning of section 1237. (*People v. Gainer* (1982) 133 Cal.App.3d 636, 641–642.) Therefore, the January 29 denial of defendant's section 2900.5 motion is not an appealable order.

### *REVIEW ON APPEAL*

We have examined the entire record and are satisfied defendant's appellate counsel has complied fully with her responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284 [120 S.Ct. 746]; *Wende*, *supra*, 25 Cal.3d at p. 433.)

### *DISPOSITION*

Because defendant has not identified an appealable order, the appeal is dismissed.


### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


LAVIN, J.

WE CONCUR:


EDMON, P. J.                                    JONES, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.