Filed 3/9/21  P. v. Martinez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306553 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA081995) |
| v. | |
| HUBALDO MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas Rubinson, Judge.  Dismissed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2017 Hubaldo Martinez pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitted he had a prior conviction that was a serious felony conviction within the meaning of section 667, subdivision (a)(1), and a serious or violent felony within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12).  The trial court sentenced him to a prison term of 27 years.

In June 2020 Martinez filed a request for resentencing under section 1170, subdivision (d)(1), which "authorizes the court, 'within 120 days of the date of commitment on its own motion . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.'" (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.)  Martinez argued that, in light of recent changes in the law, it was in the interest of justice to allow him to withdraw and renegotiate his plea.  The relevant change in the law, according to him, was the elimination of the natural and probable consequences doctrine effected January 1, 2019 by Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4).  (See §§ 188, subd. (a)(3), 189, subd. (e).)

The superior court denied the request as untimely.  The court ruled section 1170, subdivision (d), "permits re-sentencing on the court's motion only within 120 days of sentencing.  That limit has been exceeded in this case."  The court also denied the request on the merits, stating:  "Defendant did not plead 'no contest' to murder.  He pled to voluntary manslaughter, which is not a crime associated with, or provable by, the since-abolished 'natural and probable consequences' theory of murder."  Martinez timely appealed.

---

[1]      Statutory references are to the Penal Code.

2

The order he appealed from, however, is not appealable. Martinez requested relief under section 1170, subdivision (d), which the superior court denied as untimely, a ruling Martinez does not challenge. An order correctly denying a request for relief under section 1170, subdivision (d), on the ground the period for the court to act on its own motion has expired does not affect a defendant's substantial rights and therefore is not appealable. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725; see *People v. Loper* (2015) 60 Cal.4th 1155, 1165-1166 ["Because the trial courts in *Chlad* and [*People v. Gainer* (1982) 133 Cal.App.3d 636] had no jurisdiction to resentence on their own motion, their refusal to act on a defective defense motion for resentencing could not have affected any legal rights the defendants in those cases possessed, and the appellate courts properly dismissed the appeals."]; *Gainer*, at p. 641 ["The present defendant having sought that relief [recall and resentencing under section 1170, subdivision (d)] *without right*, the trial court's denial of his request is nonappealable."].)

Martinez contends the trial court's order denied a petition under section 1170.95 and therefore is appealable under section 1237, subdivision (b), as a postjudgment order affecting his substantial rights. (See *People v. Larios* (2019) 42 Cal.App.5th 956, 961 [an "order denying a petition for recall of sentence and resentencing pursuant to . . . section 1170.95 . . . is appealable pursuant to section 1237, subdivision (b), as an order after judgment affecting the substantial rights of the defendant"], review granted Feb. 26, 2020, S259983.) But Martinez did not file a petition under section 1170.95. His request for resentencing did not mention that statute, and nothing in the

3

record suggests the superior court made, or was asked to make, a ruling under it.[2]

The appeal is dismissed.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

---

[2]     Even if Martinez had filed a petition under section 1170.95, it would have been properly denied because section 1170.95 does not apply to defendants convicted of voluntary manslaughter. (See *People v. Harris* (2021) 60 Cal.App.5th 557, 565-566; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916; *People v. Turner* (2020) 45 Cal.App.5th 428, 436-438; *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997.)