Filed 11/19/24  P. v. Munoz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099203 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2019-0007316) |
| v. | |
| FEDERICO MUNOZ, | |
| Defendant and Appellant. | |

Defendant Federico Munoz appeals an order denying his petition for recall and resentencing under Penal Code section 1172.1.[1]  He argues we should remand the matter for the trial court to reconsider the petition based on recent amendments to section 1172.1, which Munoz asserts apply retroactively.  We shall dismiss the appeal for lack of jurisdiction.

---

[1]    Further undesignated statutory references are to the Penal Code.

# BACKGROUND

## A.    Munoz's Plea and Sentence

In May 2019, Munoz fired several shots at a residence from a passing car, grazing the victim with a bullet.  Several days later, Munoz evaded officers during a high-speed chase, violating numerous traffic laws; the chase ended when Munoz crashed his car.  After arresting Munoz, officers recovered a firearm in the car, which was connected to the earlier residential shooting.[2]

Based on this incident, Munoz was charged with numerous criminal counts and enhancements.  In February 2021, he pled guilty to assault with a semiautomatic firearm (§ 245, subd. (b); amended count 2), being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 4), and recklessly evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 7).  He admitted allegations that he had a prior strike (§§ 1170.12, subd. (b), 667, subd. (d)), that he personally used a firearm during the assault offense (§ 12022.53, subd. (b)), and that he committed the felon in possession offense on behalf of or for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

In exchange for his plea, Munoz stipulated to an aggregate term of eight years eight months in state prison, including the low term of three years for the assault offense, doubled to six years for the strike prior, and eight months each (one-third the midterm), doubled to 16 months, for the felon in possession and recklessly evading offenses.  Punishment on the admitted gang and personal firearm use enhancements would be stricken.  The remaining enhancements attached to each of those counts would also be stricken.  After waiving a probation report, the trial court immediately sentenced Munoz

---

[2]    This brief factual summary is based on the prosecutor's stated factual basis for Munoz's plea during the plea hearing.  In addition to the above facts, the prosecutor stated that a gang expert was prepared to testify that Munoz actively participated in the Norteño criminal street gang and that the offenses were gang related.

in accordance with the plea agreement.  On the prosecutor's motion, the court dismissed the remaining charges and enhancements.  Munoz did not appeal, and the judgment became final.

## B.     Petition for Resentencing

In July 2023, Munoz filed an in propria persona petition for resentencing and dismissal pursuant to section 1172.1, challenging the firearm and gang enhancements.  To support his petition, Munoz attached a packet he had submitted to the postconviction review unit for San Joaquin County requesting resentencing; according to the packet, he did not seek a time reduction but rather merely sought to have his gang and firearm enhancements stricken.  Munoz also attached letters of insight, accountability, remorse, and support, a relapse prevention plan, a parole plan, and a resume, as well as various certificates he had earned while incarcerated.

In July 2023, the trial court summarily denied the petition in a form order without articulating any rationale.  Munoz timely appealed.

## DISCUSSION

In challenging the trial court's order denying his section 1172.1 petition, Munoz concedes the court could not have recalled and resentenced him under the law as it then existed but instead argues we should remand the case for a new ruling on the petition given recent legislative changes to section 1172.1.  The People argue the order is not appealable, and in any event, amended section 1172.1 does not apply retroactively to Munoz's final judgment.

We consider the appealability issue first.  (See, e.g., *Olson v. Cory* (1983) 35 Cal.3d 390, 398 [a reviewing court is "dutybound" to consider whether a challenged order is appealable].)  The right to appeal is purely statutory.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).)  "[A] party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*Ibid.*)  Absent an appealable order, an appellate court lacks jurisdiction to consider an appeal.  (*People v.*

3

*Montellano* (2019) 39 Cal.App.5th 148, 153.) The question before us is whether Munoz's appeal is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) An appeal from such an order must be dismissed. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34 [applying *Turrin* and dismissing appeal].)

Citing these principles, the People argue that under the version of section 1172.1 in effect when the trial court denied Munoz's petition (Stats. 2022, ch. 58, § 9 [effective June 30, 2022, to Dec. 31, 2023]), the court had no jurisdiction to grant his recall and resentencing request. We agree.

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344; see also *People v. Turrin, supra*, 176 Cal.App.4th at p. 1204.) Here, the execution of Munoz's sentence commenced in February 2021, and he did not appeal the judgment, which became final. (Cal. Rules of Court, rule 8.308(a) [criminal defendant has 60 days to appeal judgment].) Absent an exception to the general common law rule, the trial court had no jurisdiction to resentence Munoz in July 2023 when he filed, and the court denied, his resentencing petition.

Section 1172.1 provides such an exception to the general rule that the trial court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (*People v. King* (2022) 77 Cal.App.5th 629, 637.) When the trial court summarily denied Munoz's petition, former section 1172.1 provided in relevant part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary

4

of the Department of Corrections and Rehabilitation . . . the court may, within 120 days of the date of commitment on its own motion, [or] at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  (Former § 1172.1, subd. (a)(1); Stats. 2022, ch. 58, § 9 [effective June 30, 2022, to Dec. 31, 2023].)  In enacting former section 1172.1, the Legislature amended and renumbered former section 1170, subdivision (d), which had included the same language.  (*People v. E.M., supra*, 85 Cal.App.5th at p. 1082; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448, fn. 3.)

Our Supreme Court has explained that this provision "empowers a trial court to recall and vacate a prison sentence after commitment, with but two stated limitations. First, the power may be exercised only upon the court's own motion, or upon recommendation of the [Secretary] of [the Department of] Corrections [and Rehabilitation] . . . .  Second, in order to recall a sentence on its own initiative, the court must act within 120 days after it committed the defendant to prison."  (*Dix v. Superior Court, supra*, 53 Cal.3d at p. 456.)

In this case, Munoz does not dispute that the Department of Corrections and Rehabilitation did not recommend that the trial court recall and resentence him.  And he concedes that more than 120 days had elapsed since he commenced serving his sentence without the trial court initiating a recall on its own motion.  Under these circumstances, Munoz admits that the trial court had no power to grant his petition to resentence him under the version of section 1172.1 then in effect.  Munoz instead relies on a recent amendment to section 1172.1, which went into effect while his appeal was pending, to argue that we should remand the matter for further proceedings.

5

Effective January 1, 2024, amended section 1172.1, subdivision (a) now allows the trial court, upon its own motion, to recall and resentence a defendant at any time if the sentencing laws applicable at the time of original sentencing are changed by new statutory authority or case law. (Stats. 2023, ch. 795, § 1.5.) Amended section 1172.1, subdivision (a)(1) now provides: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." Under the amended statute, a defendant is not entitled to file a petition seeking resentencing relief from the court, and if a defendant requests consideration for such relief, the court is not required to respond. (§ 1172.1, subd. (c).)

But, notwithstanding the amendment to section 1172.1, we must determine the appealability of the order Munoz challenges at the time the trial court made the order. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [an appeal reviews the correctness of a judgment or order as of the time of its rendition].) We do not see how an order that is *not* appealable because the trial court lacked jurisdiction to make it when rendered, suddenly becomes appealable given the passage of subsequent legislation unless the Legislature specifically so states in enacting the latter statute. (Cal Const., art. IV, § 8, subd. (b)(1) ["The Legislature may make no law except by statute and may enact no statute except by bill . . ."]; *Loper, supra*, 60 Cal.4th at p. 1159 [the right to appeal is purely statutory].) As far as we can discern, nothing in amended section 1172.1 bestows appealability on the nonappealable order here.

6

Munoz relies on *Loper, supra*, 60 Cal.4th 1155, to support his argument that he appealed from a postjudgment order that affected his substantial rights. *Loper* held that "when [a recall for compassionate release (§ 1170, subd. (e))] proceeding is *properly initiated by prison or parole authorities as required by law*, the trial court's decision [denying that recall recommendation] produces an appealable order that may be appealed by the prisoner." (*Id.* at p. 1158, italics added.) That is, when a statutorily authorized person or entity initiates a compassionate release recall, "a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165.) In so holding, our Supreme Court noted that section 1237, subdivision (b) was not tied to standing to bring a motion or to the identity of the moving party. (*Loper*, at p. 1162.)

*Loper* does not control the present case. In *Loper*, it was undisputed that the trial court *had jurisdiction* to act on a compassionate release recall petition because "the Secretary recommended that [the] defendant's sentence be recalled for medical reasons, as authorized by statute [§ 1170, subd. (e)]." (*Loper, supra*, 60 Cal.4th at p. 1166.) Although the defendant in *Loper* did not, and could not, initiate the compassionate release request, the denial of a properly made request by an authorized party was "an order made after judgment that affected [the] defendant's substantial rights." (*Id.* at p. 1168.) Accordingly, section 1237, subdivision (b) authorized the defendant's appeal of the denial order. (*Loper*, at p. 1168.)

Here, by contrast, Munoz readily admits that the trial court did *not* have jurisdiction to grant his petition for resentencing under section 1172.1 when the court denied the petition. Thus, regardless of whether it can be said that Munoz has some sort of amorphous personal liberty interest, the trial court did not have jurisdiction to grant his petition for recall and resentencing at the time it summarily denied the petition.

Notably, *Loper* recognized as much when it cited with approval *People v. Chlad* (1992) 6 Cal.App.4th 1719, and *People v. Gainer* (1982) 133 Cal.App.3d 636. (See

7

*Loper, supra*, 60 Cal.4th at pp. 1165-1166.)  Like here, the defendants in each of those cases requested resentencing by invoking former section 1170, subdivision (d) but did so more than 120 days after the date of commitment.  (*Loper*, at p. 1165.)  The trial courts in *Chlad* and *Gainer* properly denied the motions for lack of jurisdiction because section 1170, subdivision (d) provided that the trial court lost jurisdiction to resentence on its own motion after 120 days had elapsed.  (*Loper*, at p. 1165; *People v. Roe* (1983) 148 Cal.App.3d 112, 118 ["[T]he 120-day limitation of section 1170, subdivision (d) is jurisdictional"].)  According to *Loper*, "[b]ecause the trial courts in *Chlad* and *Gainer* had no jurisdiction to resentence on their own motion, their refusal to act on a defective defense motion for resentencing could not have affected any legal rights the defendants in those cases possessed, and the appellate courts properly dismissed the appeals." (*Loper*, at pp. 1165-1166.)

The same is true here.  Without jurisdiction to act on Munoz's request under former section 1172.1, the trial court's order denying the request is not an appealable order.  Because Munoz has appealed from a nonappealable order, we need not reach the issue of retroactivity.

### DISPOSITION

The appeal is dismissed.

/s/
EARL, P. J.

We concur:


/s/
RENNER, J.


/s/
BOULWARE EURIE, J.