Filed 4/14/25  P. v. Lee CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWIN LEE,<br><br>    Defendant and Appellant. | A169284<br><br>(San Mateo County<br>Super. Ct. No. SC081859A) |

Defendant Edwin Lee appeals the denial of his petition requesting resentencing under Penal Code[1] section 1172.1.  The Attorney General contends that the appeal must be dismissed because the court's order is not an appealable order under section 1237.  We agree and therefore dismiss the appeal.

**BACKGROUND**

**I.    Section 1172.1**

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant.  (*People v. Karaman* (1992) 4 Cal.4th 335,

_____

[1] All statutory references are to the Penal Code.

344.) Section 1172.1 provides an exception to this general rule.[2] At the time of the court's ruling in this case, section 1172.1, subdivision (a)(1), authorized a trial court to recall a sentence and resentence a defendant " 'on its own motion' within 120 days of the date of commitment" or " 'at any time' upon the recommendation of various designated correctional or law enforcement authorities." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992; see also Stats. 2022, ch. 58, § 9, eff. June 30, 2022.) Effective January 2024, section 1172.1, subdivision (a)(1) was amended to expand the trial court's authority to recall and resentence a defendant "on its own motion," adding that the court may do so "within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (Stats. 2023, ch. 446, § 2, eff. Jan. 1, 2024.)

## II.     Procedural Background

In August 2014, Lee was charged with murder (§ 187, subd. (a)), robbery (§ 212.5, subd. (a)), burglary (§ 460, subd. (a)) and kidnapping (§ 209, subd. (b)(1)), each with several sentencing enhancements. In August 2015, Lee pled no contest to one count of burglary, with several sentencing enhancements, and one count of first degree robbery, also with several enhancements, and was sentenced to 20 years and 4 months in prison.

In January 2022, Lee wrote to the District Attorney requesting that the District Attorney consider recommending that he be resentenced under

---

[2] "Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill 1540) (Stats. 2021, ch. 719, §§ 1–7) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to new section 1170.03." (*People v. McMurray* (2022) 76 Cal.App.5th 1035*,* 1038.) Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 9.)

section 1170, subdivision (d). In July 2022, Lee filed a petition for resentencing under section 1170.95, subsequently renumbered as section 1172.6, which allows persons convicted of murder, or who accepted a plea in lieu of a trial in which the person could have been convicted of murder, based under the "natural and probable consequences," or felony murder theory, to petition for resentencing based on subsequent changes to sections 188 and 189, eliminating the felony murder rule. (§ 1172.6, subd. (a).) Counsel was appointed on that petition in August 2022.

In November 2022, the District Attorney sent Lee a letter which stated that the District Attorney had received a recommendation for resentencing from the California Department of Corrections and Rehabilitation (CDCR). Shortly thereafter, Lee's counsel withdrew the petition for resentencing under section 1172.6.

In March 2023, Lee filed a petition requesting resentencing pursuant to section 1172.1. The petition explained that "counsel for Defendant has learned that [the CDCR] has recommended Mr. Lee to the San Mateo County District Attorney's Office for resentencing pursuant to PC §1172.1. The District Attorney's Office informed Mr. Lee of this recommendation via letter and has requested his authorization for release of his CDCR Central File." A hearing on the petition was set for May 25, 2023.

On May 19, 2023, the District Attorney informed Lee's counsel that the statement in the November 2022 letter that the CDCR had recommended that Lee be resentenced was a mistake and that, in fact, the CDCR had made no such recommendation in Lee's case. The hearing set for May 25 was continued at the request of both parties.

Thereafter, the District Attorney filed an opposition to Lee's request for resentencing. The District Attorney acknowledged that Lee had been

3

erroneously informed that the CDCR had recommended resentencing but confirmed that to date, no such recommendation had been made. The District Attorney argued that, absent a recommendation from either the Secretary of the CDCR, the Board of Parole Hearings or the District Attorney, the court had no jurisdiction to resentence Lee under section 1172.1.

In his reply, Lee argued that he and his counsel had acted in reliance on the District Attorney's November letter, and that the letter stating there was a CDCR recommendation and subsequent failure to discover it for six months amounted to a constructive recommendation for resentencing from the District Attorney's office. On September 20, 2023, at the hearing on the petition, Lee's attorney argued the District Attorney should be estopped from opposing the petition because of the office's conduct.

At the conclusion of the hearing, the court rejected Lee's arguments and dismissed the petition, finding that it lacked jurisdiction to resentence Lee under section 1172.1. The court explained, "There is no question that both sides agree there was no actual recommendation for relief under 1172.1 by the CDCR or by the District Attorney's office and that's the law. You have to have that recommendation. [¶] Now, I am in agreement [with defense counsel] that the conduct of the District Attorney's Office could be seen as egregious in that their access to your client without meritorious grounds because they mistakenly believed there was a CDCR recommendation. [¶] It does appear to justify some sort of relief, but I don't think it is a relief where you can get the Petition for Resentencing. The statute is very clear. It could be that the remedies are other remedies. I don't know if there are civil remedies. [¶] I don't know if the DA is going to reconsider and make a recommendation that Mr. Lee be granted some relief under 1172.1. If Mr.

4

Lee is the model prisoner and is doing so in CDCR as you say, they may actually make a recommendation, but all of those things have not happened yet. [¶] They may happen in the future, but right now this court does not have jurisdiction to hear the petition and that is why I am denying your petition."

Lee's notice of appeal was filed on November 17, 2023.

## DISCUSSION

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal. 4th 1155, 1159 (*Loper*).) Section 1237, which governs appeals by criminal defendants, provides in relevant part: "An appeal may be taken by the defendant: . . . [¶] (b) From any order made after judgment, affecting the substantial rights of the party."

In *Loper, supra*, 60 Cal.4th at page 1163, the court held that an order denying the CDCR's recommendation to recall defendant's sentence pursuant to former section 1170, subdivision (e), was appealable as an order affecting the defendant's "substantial rights" despite the fact that the defendant could not have initiated the motion himself.[3] The court contrasted the case before it, which involved a denial on the merits, from two cases in which motions for resentencing under former section 1170, subdivision (d), were denied based on a lack of jurisdiction. (*Id*. at p. 1165.) The court explained that "[d]espite the superficial similarity of these two statutes, these cases do not control this

---

[3] In 2015, when *Loper* was decided, former section 1170, subdivision (e) provided for "compassionate release" and, similar to section 1170, subdivision (d), authorized a trial court to recall and resentence a defendant upon the recommendation of the CDCR or the Board of Parole Hearings.

case because they arose in distinguishable circumstances. In both *People v. Chlad* [(1992)] 6 Cal.App.4th 1719, and *People v. Gainer* [(1982)] 133 Cal.App.3d 636, the defendants requested resentencing by invoking section 1170(d) but did so more than 120 days after the date of commitment. The trial court in each case properly denied the motion for lack of jurisdiction because section 1170(d) provides that the trial court loses jurisdiction to resentence on its own motion after 120 days have elapsed. [Citation.] Because the trial courts in *Chlad* and *Gainer* had no jurisdiction to resentence on their own motion, their refusal to act on a defective defense motion for resentencing could not have affected any legal rights the defendants in those cases possessed, and the appellate courts properly dismissed the appeals." (*Loper, super,* 60 Cal.4th at pp. 1165–1166.)

Lee concedes that, at the time of the court's ruling, the court lacked jurisdiction to grant his request for relief under section 1172.1.[4] He also "agrees that absent the amendments to Penal Code section 1172.1 enacted while this appeal was pending, the trial court's order dismissing [his] request for resentencing would not be appealable." He argues, however, that the amendments to section 1172.1 should apply retroactively to his case because it is not final and thus, we should remand the matter to the trial court with instructions to apply the amendments to section 1172.1 to his case.

The Attorney General argues that "the retroactivity or nonretroactivity of the amendments to section 1172.1 [is] irrelevant where the court—under the law at the time—had no jurisdiction to resentence appellant" and thus the order when entered was not appealable.

---

[4] Lee has not reasserted the arguments made in the trial court that the District Attorney's erroneous statement was a constructive recommendation for resentencing or that the District Attorney is estopped from denying that the CDCR made any such recommendation.

We agree that the 2024 amendment to section 1172.1, subdivision (a)(1), which expanded the court's authority to resentence on its own motion, did not transform an order that everyone agrees was nonappealable when entered into an appealable order more than three months later. "While there is a well-recognized policy in favor of resolving appeals on their merits [citation], this court has no power to make appealable an order which is nonappealable." (*Winter v. Rice* (1986) 176 Cal.App.3d 679, 683.) Nor did the Legislature explicitly or implicitly alter the appealability of orders entered under section 1172.1 before the amendments became effective.

While we are not unsympathetic to Lee's circumstances, as the Attorney General notes, "[t]here is no dispute that after January 1, 2024, the trial court possesses expanded resentencing jurisdiction under section 1172.1, and thus, if appellant believes the court was inclined to consider his petition on the merits, his recourse is simply to file a new motion inviting the trial court to exercise its resentencing discretion under the new law." In his reply, Lee offers no reason to believe that the option identified by the Attorney General is not available to him. We note that no one has suggested that Lee would suffer any prejudice from actions he took or failed to take based on the District Attorney's error, or that anything would prevent the trial court from considering his motion. (See *Baker v. Superior Court* (Oct. 2, 2024, No. S286009) ___Cal.5th___ [2024 Cal. Lexis 5516 at p. *2], concurring opinion of Evans, J. ["any policy that would interfere with a sitting sentencing judge's ability to receive notice of, or to act upon, a defendant-initiated invitation to recall and resentence under section 1172.1, subdivision (a)(1) would raise significant concerns"].)

7

## DISPOSITION

The appeal is dismissed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
SIGGINS, J. *

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.